UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKY A. CROWLEY,

    Plaintiff,

v.                                         CASE NO.: 8:13-cv-632-T-23EAJ

STATE FARM MUTUAL
AUTOMOBILE INS. CO.,

    Defendant.
_____/

**ORDER**

Crowley sued State Farm in state court and alleged that State Farm breached the contractual obligation to pay for repairing Crowley's recreational vehicle, which was damaged in a storm. Crowley obtained against State Farm both a verdict and a judgment comprising $12,496 in damages and $45,000 in fees.[*] State Farm satisfied the judgment.

Seeking unspecified damages in excess of $15,000 and statutory attorney's fees and costs, Crowley sued (Doc. 2) State Farm in state court for bad faith under Section 624.155, Florida Statutes. Alleging diversity of citizenship, State Farm removed (Doc. 1) under 28 U.S.C. § 1332(a). Devoid of facts establishing the

---

[*] Crowley requested fees in excess of $110,000. At the time of removal, Crowley's request for costs awaited adjudication.

requisite $75,000 amount in controversy, State Farm's notice of removal relies exclusively on Crowley's potential recovery of statutory fees in prosecuting the removed action. Specifically, State Farm submits an affidavit from John Weihmuller, State Farm's counsel, who offers the following opinion:

> 4. For over 25 years, my practice has been devoted to the defense of personal injury claims, insurance coverage disputes, and bad-faith claims. Over the past 20 years, the vast majority of my practice has been devoted to the defense of insurance coverage and bad-faith claims. As such, I have evaluated well over 2,000 personal injury, insurance coverage, and bad-faith claims.
>
> 5. In the underlying claim for insurance coverage benefits, the Plaintiff made a claim for attorney's fees and costs in the amount of $128,204.56. This sum was based on 292.9 hours attorney time at $300.00 to $400.00 per hour and a multiplier of 1.25, plus costs in the amount of $16,722.28.
>
> 6. Usually, bad-faith claims involve issues of law and fact that are more complex, difficult, and time consuming than the litigation of claims for insurance benefits. Therefore, based on my experience in handling bad-faith claims, and the fact that the Plaintiff sought over $128,000.00 in attorney fees and costs in the underlying action, I believe it is probable the Plaintiff will seek attorney's fees and costs in the present lawsuit well in excess of $75,000.00.
>
> 7. Accordingly, it is my good faith belief that should the Plaintiff prevail in this action (which would entitle him to statutory attorney fees), the amount in controversy more likely than not would exceed $75,000.00.

(Doc. 3) Arguing that State Farm fails to satisfy the amount in controversy requirement, Crowley moves (Doc. 6) for remand. State Farm responds (Doc. 7).

Under 28 U.S.C. § 1446(a), a notice of removal must "contain[] a short and plain statement of the grounds for removal." *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 n.73 (11th Cir. 2007). A defendant removing based on diversity

- 2 -

jurisdiction must establish a sufficient amount in controversy. If the complaint alleges $75,000 or less in damages, the removing defendant must provide facts – not a bare conclusion – showing that the amount in controversy more likely than not exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *see also Lowery*, 483 F.3d at 1214-15; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

A removing party (not the court) bears the burden to establish jurisdiction; a removing party (not the court) must find, identify, and prove pertinent jurisdictional facts. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999); *see also Miller v. Soule*, 221 F. 493, 496 (E.D. Pa. 1915) ("jurisdictional facts must have a pleading as well as an actual existence"). An affidavit that organizes and explicates distinct and sufficient jurisdictional facts may establish jurisdiction. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). As "emphasized" by the Eleventh Circuit in *Sierminski*, however, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski*, 216 F.3d at 949 (quoting *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the removing

party fails to allege in the notice of removal (or in an accompanying affidavit) facts that establish the amount in controversy or if uncertainty as to the amount in controversy persists, the removing party fails to invoke subject matter jurisdiction and remand results. *Fusco v. Victoria's Secret Stores*, 806 F. Supp. 2d 1240 (M.D. Fla. 2011) (Conway, J.) ("Uncertainties are resolved in favor of remand."); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345 (D.N.J. 2010).

If available, alleged, incurred, and proven, statutory attorney's fees contribute to the amount in controversy. *Morrison v. Allstate Indem.*, 228 F.3d 1255, 1266 (11th Cir. 2000); *Cohen*, 204 F.3d at 1079. However, as noted by the Eleventh Circuit in *Cohen*, "Arguably, when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen*, 204 F.3d at 1080 n.10 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).

Weihmuller's affidavit pertaining to Crowley's potential attorney's fee presents a mere opinion based on (unspecified and dicey) assumptions about the future of this action, the removability of which is governed by facts (not speculation) ascertainable at the moment of removal. *Williams*, 269 F.3d at 1319-20; *Lowery*, 483 F.3d at 1214-15; *Sierminski*, 216 F.3d at 949; *see also Cohen*, 204 F.3d at 1080 n.10. (Crowley's opinion that his damages should not exceed $30,000, although a more plausible prophecy, is equally conclusory.) State Farm's repeated assertion that Weihmuller's affidavit remains "unrebutted" does not relieve State Farm of its burden to establish jurisdictional facts backed by competent proof. *Lowery*, 483 F.3d

- 4 -

at 1217. State Farm "may not establish jurisdiction through negative inferences and conclusory allegations." *Wozniak v. Dolgencorp, LLC,* 8:09-cv-2224-T-23-AEP, 2009 WL 4015577 (M.D. Fla. 2009) ("'[A] refusal to stipulate [that the damages exceed $75,000] standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue.' The removal statute contemplates a stronger basis for jurisdiction than mere speculation.") (quoting *Williams*, 269 F.3d at 1320). Accepting a conclusory, speculative, and contingent opinion (even if asserted in an affidavit) by counsel attempting to remove an insurance bad faith case would effectively render almost any action subject to removal. Removal without the requisite factual demonstration of subject matter jurisdiction aggrandizes federal jurisdiction beyond the constitutional limit and disrupts the state court's rightful exercise of unquestioned constitutional power to adjudicate. *Am. Tobacco Co.*, 168 F.3d 405, 411-12 (11th Cir. 1999); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). In the words of Chief Justice Jay, the federal courts' limited jurisdiction preserves "a difference of the general and state governments, which should be kept separate, and each left to do the business properly belonging to it." *Shedden v. Custis*, 21 F. Cas. 1218, 1219 (U.S. 1793).

Crowley's motion for remand (Doc. 6) is **GRANTED**. This action is **REMANDED** under 28 U.S.C. § 1447(c) for failure to establish subject matter jurisdiction. The clerk is directed (1) to mail a certified copy of this order to the clerk

of the Circuit Court for Polk County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 15, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE